THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAO-MING HSEUH and JINGLE HSEUH, | : | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | : | Civil No. 09-2013 (JBS/JS) |
| v. | : | |
| NATIONAL HOME INSURANCE COMPANY, | : | **OPINION** |
| Defendant. | : | |

APPEARANCES:

Mitchell Waldman, Esq.
MARC L. HURVITZ & ASSOCIATES
1008 South New Road
Pleasantville, NJ 08232
    Counsel for Plaintiffs Shao-Ming Hseuh and Jingle Hseuh

Charles V. Curley, Esq.
HALBERSTADT CURLEY, LLC
1100 3. Hector Street
Suite 425
Conshohocken, PA 19428
    Counsel for Defendant National Home Insurance Company

**SIMANDLE**, District Judge:

    This matter is presently before the Court on a motion to compel arbitration and stay the action submitted by Defendant National Home Insurance [Docket Item 4]. Plaintiffs Shao-Ming Hseuh and Jingle Hseuh (collectively, "Plaintiffs") oppose, arguing that their present claim does not fall within the scope of the arbitration agreement at issue and further that Defendant has failed to follow their own arbitration procedures, and so should be precluded from compelling arbitration. For the

following reasons, the Court will grant Defendant's motion to compel arbitration and dismiss this action.

**I.    BACKGROUND**

**A.    Facts**

On September 9, 2005, Plaintiffs purchased a home from Genco Homes, LLC, the builder-vender for the property.  (Compl. ¶¶ 1-3.)  As part of the purchase, Genco provided Plaintiffs a Certificate of Participation in New Home Warranty Plan of 2-10 Home Buyers Warranty, which Plaintiffs, Genco (as the Builder), and Defendant, (as the Warranty guarantor), signed. (Certificate, Compl. Exh. A.)  In so signing, Plaintiffs acknowledged receipt of the Home Buyers Warranty Booklet (HBW 207 NHJ).  (Certificate, Compl. Exh. A.; Booklet, Def. Exh. 1.)  The Warranty Agreement, though not an insurance agreement, is backed by insurance provided by Defendant to Genco.  (Certificate, Compl. Exh. A.; Booklet, Def. Exh. 1 at 1.)  The Booklet sets forth the scope of the Warranty coverage (Booklet, Def. Exh. 1 at 2, 5-6, 13-32), and the remedy process through the Warranty, (id. at 2-4, 6-7).  In brief, to initiate the remedy process under the Warranty, the Homeowner must notify the Builder in writing, and if the Builder does not resolve the problem in a reasonable time the Homeowner files a Notice of Complaint form included in the booklet.  (Id. at 2.)  Copies of all paperwork must also be sent to Defendant.  (Id.)  The Builder then has thirty days to inspect

the home and correct.  (<u>Id.</u> at 4.)  If disputes remain, the
Warranty provides as follows:

> Any and all disputes between the Homeowner(s) and
> Builder arising from or relating to the Warranty
> shall be submitted to arbitration.  **Pursuant to the
> New Jersey New Home Warranty and Builders
> Registration Act (P.L. 1977, C. 467) the filing of
> a claim against this limited Warranty shall
> constitute the election of remedy and shall bar the
> Homeowner from all other remedies**.  Nothing herein
> shall be deemed to limit the Homeowner's right to
> elect other remedies except that such election
> shall bar the Homeowner from pursuing the same
> claim under this **limited** Warranty and in accordance
> with the procedures related hereto.  Election of
> other remedies shall mean the filing of a
> complaint, counter-claim, cross-claim or third-
> party complaint in any court that alleges matters
> covered by this **limited** Warranty in particular or
> unworkmanlike construction in general.

(<u>Id.</u>) (emphasis in original).

Following an arbitration award in favor of the Homeowner, if
the Homeowner and the Builder continue to dispute the repairs
necessary, such dispute is referred to additional arbitration.
(<u>Id.</u>)  "If the Homeowner(s) remains dissatisfied after the
Builder has completed the awarded repairs, the Home Buyers
Warranty Administration Department will arrange with the
arbitration service, upon the Homeowner(s)' request and at the
Homeowner(s)' expense, to have a compliance inspection
conducted," but only if such request comes within thirty days of
the Builder's work performance deadline.  (<u>Id.</u>)

The Warranty also lays out the procedure should the Builder
fail to meet its obligations under the Warranty:

> A.   If a claim should arise during the applicable
>       Warranty Term and if that claim occurrence and
>       submittal is in compliance with all the
>       provisions as noted in the Builder Warranty
>       Coverage sections and the Builder fails to
>       perform his/her warranty obligations, the
>       Insurer [Defendant[1]] will take the place of the
>       Builder in regard to all qualified defect
>       claims and any arbitration decisions rendered
>       against the Builder.
> B.   Within fifteen (15) days of receipt of the
>       complaint file, the Insurer [Defendant] will
>       acknowledge receipt of the claim and begin the
>       investigation.  The Homeowner(s), Service and
>       Insurer [Defendant] retain the same rights to
>       conciliation and arbitration as the Builder.

(Id. at 6.)

Sometime prior to October 10, 2007, Plaintiffs filed a claim against Genco under the Warranty relating to various defects in their home, including use of the wrong top soil on their property.  (Initial Arbitration Decision, Def. Exh. 5.) Consistent with the Warranty remedy process, when the dispute could not be resolved it was referred to an arbitrator.  (Id.) On October 10, 2007, the arbitrator found in favor of Plaintiffs as to all claimed defects.  (Id.)  On February 12, 2008, an appellate arbitrator affirmed in part and reversed in part the October 10th decision, finding that Plaintiffs' claims regarding top soil were not covered by the Warranty.  (Arbitration Appeal, Def. Exh. 6.)  On April 2, 2008, Plaintiffs filed a petition to vacate the appellate arbitration award with the Superior Court of

_____

[1] The Booklet defines "Insurer" as National Home Insurance Company.  (Booklet, Def. Exh. 1 at 7.)

4

New Jersey and served Genco, who did not answer or otherwise
appear.  (Compl. ¶¶ 16-17.)  On October 31, 2008, the Superior
Court entered default judgment against Genco, reinstating the
October 10, 2007 arbitration award (including the award regarding
top soil deficiency) and entering judgment in the amount of
$95,220 against Genco.  (Default Judgment, Def. Exh. 7.)

     Genco has failed to satisfy the default judgment and failed
to make the repairs required by the October 10th arbitration
award.  (Compl. ¶ 19.)  In December 2008, Defendant did offer,
and Plaintiffs accepted, a cash settlement for the unresolved
repairs required under the appellate arbitration award, but not
including the top soil dispute.  (Pl. Exhs. C-14, C-16.)
Plaintiffs allege that "[t]he judgment entered against Genco
Homes LLC constitutes a claim which falls within the terms of the
coverage afforded by the policy issued by [Defendant]."  (Compl.
¶ 21.)  This is because Defendant "issued a policy of insurance,
as is referred to in the 2-10 Home Buyers Warranty booklet, which
is to afford coverage renumeration/ payments to claimants and
homeowners in the event of default by the Builder, Genco [], in
connection with claims made pursuant to the Home Buyers
Warranty."  (Compl. ¶ 10.)  Defendant has refused to satisfy the
default judgment or remedy Plaintiffs' complaints regarding the
top soil on their property.  Defendant has also declined to
engage in compliance arbitration, maintaining instead that the

5

dispute requires regular arbitration.  (Pl. Exh. E.)

Plaintiffs seek relief for breach of the Warranty insurance policy, bad faith for failing to make payments required by the Warranty insurance policy, and breach of the covenant of good faith and fair dealing for the same conduct.  (Compl. ¶¶ 23-34.)

**B.   Procedural History**

In April, 2009 Plaintiffs filed the present action in the Superior Court of New Jersey, Gloucester County, and on April 29, 2009, Defendants removed the action to this Court.  Defendants thereafter filed the instant motion to compel arbitration, along with various supporting documents, including the Warranty booklet, the multiple arbitration awards and the default judgment order.  Plaintiffs filed their opposition, attaching similar documents along with correspondence between the parties. Finally, Plaintiffs supplemented their response with additional documentation.

## II.  DISCUSSION

Defendants move the Court to compel arbitration of all of Plaintiffs' claims, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4,[2] enacted by Congress "to overcome judicial resistance to arbitration . . . and to declare

---

[2] If the Court determines that all of Plaintiffs' claims are subject to arbitration, the Court may dismiss the action rather than stay proceedings.  Seus v. Nuveen & Co., Inc., 146 F.3d 175, 179 (3d Cir. 1998), overruled on other grounds by Green Tree Fin. Corp. Ala. v. Randolph, 531 U.S. 79 (2000).

a national policy favoring arbitration of claims that parties contract to settle in that manner." Vaden v. Discover Bank, 129 S. Ct. 1262, 2009 WL 578636, at *6 (Mar. 9, 2009) (internal punctuation and citations omitted).   When faced with a motion to compel arbitration, this Court's review is narrow. John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 137 (3d Cir. 1998). The Third Circuit has made clear district courts must "engage in a limited review to ensure that the dispute is arbitrable - i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." John Hancock, 151 F.3d at 137 (internal punctuation and citation omitted); Rite Aid of Pa., Inc. v. United Food and Commercial Workers Union, Local 1776, --- F.3d ----, 2010 WL 521102, at *2 (3d Cir. 2010) ("[T]he court is limited to the construction of the arbitration clause and any contractual provisions relevant to its scope[.]").   Consequently, in determining whether to compel arbitration, "a court is not to examine the potential merits of the claim sought to be arbitrated," unless the two questions are "inextricably intertwined." Rite Aid, 2010 WL 521102, at *2.

     In the present case, the parties do not dispute that a valid arbitration agreement exists.   Instead, the parties disagree as to the scope of the arbitration agreement.   Once a court determines that a valid arbitration agreement exists, there is a

presumption of arbitrability so that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 526 (3d Cir. 2009) (quoting AT & T Technologies, Inc. v. Communc'n Workers of Am., 475 U.S. 643, 650 (1986)). "[A]mbiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration." Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Junior Univ., 489 U.S. 468, 475-76 (1989).

With these principles in mind, the Court finds that Plaintiffs are bound to arbitrate the present dispute with Defendant. First, Defendant has standing to enforce arbitration under this agreement, because it appears that Defendant is a party to the Warranty agreement, having signed the Certificate of Participation (Certificate, Compl. Exh. A) and being bound by various obligations under the Warranty Agreement (Booklet, Def. Exh. 1 at 6-8). Even if merely a third-party beneficiary to the agreement, under the clear terms of Warranty Agreement (as will be discussed below), Defendant may seek to compel arbitration. See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 195 (3d Cir. 2001) ("[C]ourts have allowed non-signatory third party beneficiaries

8

to compel arbitration against signatories of arbitration
agreements."); EPIX Holdings Corp. v. Marsh & McLennan Companies,
Inc., 982 A.2d 1194, 1200 (N.J. Super. Ct. App. Div. 2009) ("It
is clear that in certain situations [including in the case of
third-party beneficiaries], a non-signatory to an arbitration
agreement may compel a signatory to arbitrate.").

Second, though the present dispute is not "between the
Homeowner(s) and Builder" it arises "from or relat[es] to the
Warranty," and so Defendant, as the Insurer, has the same right
to compel arbitration as Genco, the Builder.  (Booklet, Def. Exh.
1 at 4, 6.)  Plaintiffs' present claim is exactly the sort of
claim that the Warranty remedy process was designed to address.
The Warranty provides that if "the Builder fails to perform
his/her Warranty obligations, the Insurer will take the place of
the Builder in regard to all qualified defect claims and any
arbitration decisions rendered against the Builder."  (Id. at 6.)
Plaintiffs seek to hold Defendant liable on the theory that
Defendant is responsible for Genco's default "in connection with
claims [-- in this case, the claim regarding the top soil --]
made pursuant to the Home Buyers Warranty."  (Compl. ¶ 10.)
Consequently, it does not matter that Plaintiffs' present dispute
is not with the Builder, because Plaintiffs ask Defendant, as the
Insurer, to take on the Builder's obligations and so Defendant
has the same rights to arbitrate as the Builder.  Having "take[n]

9

the place of the Builder," the Insurer "retain[s] the same rights to conciliation and arbitration as the Builder."  (Booklet, Def. Exh. 1 at 6.)

Finally, arbitration is the sole remedy available to Plaintiffs under these circumstances.  While it is true that the Warranty does not limit a Homeowner's right to select other remedies for claims related to the quality of the home, once a Homeowner files a claim against the Warranty, this "shall constitute the election of remedy and shall bar the Homeowner from all other remedies" pursuant to the New Jersey New Home Warranty and Builders Registration Act ("Warranty Act"), N.J. Stat. Ann. §§ 46:3B-1 to -20.  (Booklet, Def. Exh. 1 at 4.)  Once Plaintiffs availed themselves of the Warranty remedy process for a claim, they waived the right to pursue over remedies (such as an independent suit) for that claim.  This is consistent with the New Jersey Supreme Court's interpretation of the Warranty Act. Marchak v. Claridge Commons, Inc., 633 A.2d 531, 534 (N.J. 1993). As former Justice Pollack explained: "[U]nder the Act, litigation, on the one hand, and arbitration or conciliation, on the other, are mutually exclusive.  A buyer may submit a claim to litigation or arbitration, but not both."  Id.; see N.J. Stat. Ann. § 46:3B-9 ("[I]nitiation of procedures to enforce a remedy shall constitute an election which shall bar the owner from all other remedies.").  Moreover, the Warranty further makes clear

10

the parties' emphasis on arbitration for claims against the Warranty, requiring that "any and all disputes . . . arising from or relating to the Warranty shall be submitted to arbitration." (Booklet, Def. Exh. 1 at 4.)

With the present dispute regarding top soil, Plaintiffs elected to use the Warranty remedy process, proceeded through arbitration and the appeal of the arbitration process, and now seek to enforce the results of the Warranty remedy process against Defendant. Plaintiffs have elected their remedy and must see it through to the end. If Plaintiffs seek to enforce the first arbitration award (through default judgment) and compel payment for the repairs related to top soil against Defendant, then Defendant retains the right to compel arbitration of the dispute. (Booklet, Def. Exh. 1 at 4, 6.) Plaintiffs are barred from other remedies for the resolution of their claim related to the top soil at their home.

Plaintiffs maintain that, even if their present claim falls within the scope of the arbitration agreement at issue, Defendant may not enforce the arbitration agreement because it has refused to participate in compliance arbitration. Defendant responds that compliance arbitration is not appropriate under these circumstances and further that Defendant is not seeking to enforce the compliance arbitration provision and so should not be estopped from enforcing other provisions in the Warranty. The

11

Court finds that the parties' disagreement regarding the applicability of compliance arbitration does not prevent Defendant from compelling arbitration here.  The Court observes that Plaintiffs have not sued to compel compliance arbitration. Nor does such compliance arbitration appear to be appropriate under the circumstances, because Plaintiffs are not "dissatisfied" with Genco's completed repairs, but instead seek to enforce an arbitration award and default judgment when Genco has failed to make the demanded repairs or cover the costs.  To the extent that an arbitrator determines that compliance arbitration is required before it can enforce any judgment against Defendant, the Court will leave that question in the hands of the arbitrator.  Defendant has not disavowed the applicability of the arbitration clause to this claim, and so is not estopped from enforcing it here.

The Court finds that all of Plaintiffs' claims, which involve the enforcement of an arbitration award (through default judgment) against Defendant, fall within the scope of the relevant arbitration agreement and so the Court will compel arbitration on those claims.  Because no claims remain for adjudication before this Court, the Court will dismiss Plaintiffs' suit.  See Seus, 146 F.3d at 179 (where all claims are subject to arbitration, the court may dismiss the action rather than issue a stay).

**III. CONCLUSION**

     For the foregoing reasons, the Court will compel arbitration of Plaintiffs' claims and dismiss this action.  The accompanying Order shall be entered.


**March 8, 2010**                              **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        United States District Judge

13